OPINION
Lisa Stewart appeals from an order of the Juvenile Court awarding permanent custody of her two minor children, Phillip and Stewart Kilkenny, to their father, Matthew Kilkenny.
Lisa Stewart and Matthew Kilkenny married in February of 1987. Two children were born of the marriage: Phillip on August 2, 1988, and Stewart on January 28, 1990. Lisa and Matthew were divorced in May 1994 in Wayne County, Ohio. The divorce decree awarded Lisa custody of the two children. At some point, Lisa and the children moved to Greene County.
On July 10, 1997, the Greene County Children Services Board (CSB) filed a complaint in juvenile court alleging that the two children were neglected pursuant to R.C. 2151.03 and dependent pursuant to R.C. 2151.04. According to CSB, Lisa had left the children unsupervised in a motel on July 9, 1997, while she worked her second job.
The magistrate held a hearing on July 10, 1997. Lisa admitted that she had left the children alone in a motel on July 9 and on a previous occasion. The magistrate awarded interim custody of the children to Matthew Kilkenny, their father.
On August 28, 1997, CSB moved to dismiss the allegation of neglect. The court granted CSB's motion. Matthew filed a complaint for custody of the children in juvenile court on October 16, 1997. Lisa likewise filed a complaint for custody on November 3, 1997.
The magistrate held hearings at which two psychologists testified. On June 17, 1998, the magistrate entered a decision ordering Lisa and Matthew to prepare a shared parenting plan with Matthew as the residential parent. Lisa filed objections to the decision, arguing in part that the magistrate erred in not allowing additional psychological testing for her because the two psychologists had testified to different interpretations of the tests she was given.
On October 27, 1998, the juvenile court sustained Lisa's objection and ordered a third psychological exam. The juvenile court also found that the magistrate erred in ordering a shared parenting plan when neither parent had requested shared parenting.
On December 8, 1998, CSB moved to terminate protective supervision with no restrictions. The court granted CSB's motion.
After receiving the third psychological report and interviewing the children, the magistrate entered his decision awarding custody to Lisa. Matthew filed objections, arguing that there was no basis to change the magistrate's June 7, 1998, decision awarding interim custody to him.
The juvenile court sustained Matthew's objections to the magistrate's decision. The court found that the parties' mental health was but one factor in the magistrate's June 17, 1998, decision to award custody to Lisa. The court did not find the differences in the psychological reports to be as significant as Lisa had argued. The juvenile court then modified the custody award and granted custody to Matthew.
Lisa timely appealed, and presents three assignments of error.
 FIRST ASSIGNMENT OF ERROR THE COURT ERRED TO THE EXTENT THAT IT TREATED THE MAGISTRATE'S CHANGE IN RECOMMENDED RESIDENTIAL PARENT AS A CHANGE IN CUSTODY PURSUANT TO R.C. 3109.04(E) RATHER THAN AN ORIGINAL DETERMINATION OF CUSTODY PURSUANT TO R.C. 3109.04(B).
 SECOND ASSIGNMENT OF ERROR THE COURT ERRED IN GIVING IMPROPER WEIGHT TO THE ROLE OF THE PATERNAL GRANDMOTHER IN VIOLATION OF THE RIGHTS OF THE NATURAL MOTHER.
 THIRD ASSIGNMENT OF ERROR THE COURT'S DECISION GRANTING CUSTODY TO THE FATHER IS AN ABUSE OF DISCRETION AND CONTRARY TO THE WEIGHT OF THE EVIDENCE.
A juvenile court has jurisdiction "to determine the custody of any child not a ward of another court of this state." R.C.2151.23(A) (2). Further, "[t]he juvenile court may entertain and determine custody of children properly subject to its jurisdiction, even though there has been a prior divorce decree granting custody of said children to a parent pursuant to R.C.3109.04." In re Poling (1992), 64 Ohio St.3d 211, 215.
"When a juvenile court makes a custody determination under R.C. 2151.23 and 2151.353, it must do so in accordance with R.C.3109.04." Id. at syllabus 2. In following the dictates of R.C.3109.04, the juvenile court's custody decision is harmonized with the prior custody decision of the domestic relations court. Id. at 216.
Lisa was awarded custody of the children under the Wayne County divorce decree issued in May of 1994. The juvenile court's modification of that custody order is governed by R.C.3109.04(E) (1) (a) which states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Neither the juvenile court nor the magistrate applied R.C.3109.04(E) (1) (a) or its tests in the custody decisions that each filed. In fact, in the magistrate's findings of fact and conclusions of law dated July 24, 1998, the magistrate stated that "neither 2151.23 nor 2151.35.3 specify that the juvenile court must apply the change of circumstances standard before granting legal custody."
Although both parties alleged in their complaints for custody that the issue of custody had never been determined by an Ohio court, the record reflects that Lisa was awarded custody pursuant to the May 1994, decree of divorce entered in Wayne County. R.C.3109.04(E) (1) (a), recited above, requires that a finding that a change of circumstances has occurred before that custody determination may be modified. A court cannot look only to the best interest of the child or children in making that modification.
The juvenile court did not find that any of the three factors recited in R.C. 3109.04(E) (1) (a) (i)-(iii) apply and that a change of circumstances had occurred. Thus, the court did not make the findings that R.C. 3109.04(E) (1) (a) requires to modify the prior divorce decree's award of custody to Lisa. Because a juvenile court must exercise its jurisdiction to determine custody pursuant to R.C. 3109.04, the juvenile court erred when it modified the prior decree to award custody to Matthew.
Having sustained in part Lisa's first assignment of error, the cause will be reversed and remanded to the juvenile court for proceedings consistent with this opinion.
The remaining two assignments of error are moot and need not be decided. App.R. 12(A) (1) (c).
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
William R. McCarty, Esq.
Paul W. Barrett, Esq.
Hon. Robert W. Hutcheson